**In re Richard F. GERRY, Relator.**

**No. 12–05–00225–CV.**

Court of Appeals of Texas,
Tyler.

Oct. 19, 2005.

Robert T. Cain Jr., Robert Alderman Jr., Zeleskey, Cornelius, Hallmark, Roper & Hicks, L.L.P., Lufkin, for relator.

Russell R. Smith, Fairchild, Price, Thomas & Haley, L.L.P., Nacogdoches, for real-party-in-interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and DeVASTO, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Relator Richard F. Gerry seeks a writ of mandamus requiring the Honorable Jack Sinz, Judge of the County Court at Law, Nacogdoches County, Texas, to vacate the order denying his motion to substitute counsel and to enter an order granting the motion. We deny the writ.

### BACKGROUND

Richard F. Gerry and Corina M. Gerry are husband and wife. Corina filed for divorce on October 24, 2003. Through his attorney of record, Richard filed an answer and an original counterpetition for divorce. Richard then filed a motion to substitute as his attorney of record Robert Alderman of the law firm of Zeleskey, Cornelius, Hallmark, Roper & Hicks, L.L.P. (the "Zeleskey firm"). Corina filed an objection and response in which she asserted that the Zeleskey firm had a conflict of interest and should be disqualified from representing Richard in the divorce. More particularly, she alleged that, prior to filing the divorce, she met with an attorney at the Zeleskey firm to discuss possible legal representation in the divorce and divulged confidential information during the meeting.

At a hearing on the matter, Amy Long testified that a time sheet entry showed she met with Corina for .7 hour (42 minutes) in September 2003 in the Zeleskey firm offices. At the time, she was a new associate with the Zeleskey firm. Long specifically recalled that Corina came in to talk about a divorce. She remembered that, during their meeting, Corina asked about filing the divorce in another state and also remembered that Corina said her husband had been in jail. Long could not recall any other details about their conversation, but stated that she left Corina with the impression that she should call back if she wanted the firm to represent her. When asked whether Corina could have shared other facts with her that she did not recall, Long answered, "I'm sure she could have." She also stated it was "entirely possible" that Corina provided her with confidential information during their meeting. Long testified that she did not recall getting any documents from Corina and did not have any documents.

According to Corina, she and Long discussed facts and issues related to Corina's divorce. When asked to generally describe what she told Long, Corina replied, "Well, I explained the facts of the case up to that point for myself that were relevant[,] and I provided her with documents that I had, letters my husband had written and things of that nature and promise[s] that were made. Just anything that was relevant up to that point." She stated that she thought someone from the Zeleskey firm "would be getting back" to her about representing her. Corina had no further communication with anyone from the Zeleskey firm and was represented by other counsel in the divorce.

Respondent denied Richard's motion to substitute counsel by order dated April 22, 2005. On June 21, 2005, Respondent signed an order nunc pro tunc, which stated that Richard's motion was denied "based upon disqualification of said counsel." This original proceeding followed.

## PREREQUISITES TO MANDAMUS

█ Mandamus will issue when a trial court commits a clear abuse of discretion for which the relator has no adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* In order to find an abuse of discretion, the reviewing court must conclude that the facts and circumstances of the case extinguish any discretion in the matter. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985). A party generally lacks an adequate appellate remedy if its counsel is disqualified. *Mendoza v. Eighth Court of Appeals*, 917 S.W.2d 787, 789–90 (Tex.1996). Therefore, the sole issue before us is whether Respondent abused his discretion in disqualifying Alderman.

## ABUSE OF DISCRETION

"Without prior consent, a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client: ... (3) if it is the same ... matter." Tex. Disciplinary R. Prof'l Conduct 1.09(a)(3), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9). "The 'same matter' aspect of this prohibition prevents a lawyer from switching sides and representing a party whose interests are adverse to a person who disclosed confidences to the lawyer while seeking in good faith to retain the lawyer." *Id.* 1.09 cmt. 4A. "When lawyers are or have become members of or associated with a firm, none of them shall knowingly represent a client if any one of them practicing alone would be prohibited from doing so by paragraph (a)." *Id.* 1.09(b).

"Confidential information" includes both "privileged information" and "unprivileged client information." *Id.* 1.05(a). "Privileged information" includes the information of a client protected by the attorney-client privilege of Texas Rule of Evidence 503. *Id.* "Unprivileged client information" means all information relating to a client or furnished by the client, other than privileged information, acquired by the attorney during the course of or by reason of the representation of the client. *Id.* The term "client" includes one who consults an attorney with a view to obtaining professional legal services from that attorney. TEX.R. EVID. 503(a)(1).

█ Richard concedes that meeting with a prospective client is a ground for disqualification where the prospective client shares confidential information or an attorney-client relationship is created. It is undisputed that no attorney-client relationship arose from Corina's meeting with Long. Therefore, the issue before trial court was whether Corina shared confidential information during the meeting. Richard contends that the evidence does not support Respondent's conclusion that Corina shared confidential information with Long.[1] Therefore, Richard concludes, Respondent abused his discretion by concluding that Alderman was disqualified and denying the motion to substitute Alderman as his counsel. We disagree.

---

1. As an aside, we note that during the hearing, Corina's attorney offered to provide more specific information in camera if Alderman planned to contend Corina's testimony was insufficient. Alderman responded, "I'm not going to ask her any additional questions on that, Your Honor. She said she went into the facts of the divorce and relationship and agreements and that kind of thing. And Ms. Long, who is the other person, says that didn't happen. So we have a dispute between that."

Corina consulted with Long about possible legal representation in a divorce action, and Richard now seeks to hire Alderman in the same case. Both Long and Alderman are attorneys with the Zeleskey firm. Consequently, Alderman cannot represent Richard if Long received confidential information from Corina during their September 2003 meeting.

Long testified that her meeting with Corina lasted .7 hour. Corina testified that, during the meeting, she related anything relevant to the issues in the case and provided documents and letters to someone at the Zeleskey firm for copying. Long remembered little of what she and Corina discussed during their meeting and admitted that Corina could have shared facts relating to the case that she did not recall. Long also admitted it was "entirely possible" that Corina could have provided her with confidential information. Long further testified that she had no personal knowledge of Corina's giving documents to anyone at the Zeleskey firm, but could not categorically refute Corina's assertion. From this testimony, Respondent reasonably could have concluded that Corina divulged confidential information during her meeting with Long. Thus, Respondent did not abuse his discretion in denying Richard's motion to substitute counsel. Accordingly, Richard's petition for writ of mandamus is *denied.*