In the Matter of Disciplinary Proceedings Against
Nikola P. Kostich, Attorney at Law:

Office of Lawyer Regulation,
Complainant,

v.

Nikola P. Kostich, Respondent.

Supreme Court

*No. 2003AP2950–D. Decided June 24, 2005.*

2005 WI 90

(Also reported in 700 N.W.2d 763.)

¶ 1. PER CURIAM. We review, pursuant to SCR

22.17(2),[1] the findings of fact, conclusions of law, and recommendations of Referee Stanley Hack, concluding that Attorney Nikola Kostich engaged in unprofessional conduct in the course of his practice of law in violation of the Rules of Professional Conduct. The referee recommended a public reprimand, restitution and payment of the costs of this proceeding. Neither party has appealed from the referee's report and recommendation.

¶ 2. We approve the findings, conclusions and recommendations as to the appropriate discipline for Attorney Kostich's misconduct.

¶ 3. Nikola Kostich was admitted to practice law in Wisconsin on August 21, 1970. He has previously received a public reprimand for failing to timely file a federal tax return.

¶ 4. On October 31, 2003, the Office of Lawyer Regulation (OLR) filed a complaint against Kostich alleging he had committed seven disciplinary violations in connection with two separate client matters. The matter proceeded to a hearing before Referee Hack in September 2004.

¶ 5. Many of the charges against Kostich derive from a single criminal appeal involving Kostich's former client, P.S. In March 1999, P.S. was sentenced to 16 years in prison following entry of a guilty plea to attempted first-degree sexual assault. At P.S.'s request, his parents retained Attorney Kostich to represent him

---

[1] SCR 22.17(2) provides: Review; appeal.

(2) If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court on its own motion, may order the parties to file briefs in the matter.

in postconviction proceedings. The client's mother paid Kostich an advance fee of $5000. At the time, Kostich's hourly rate was $200 per hour. There was no fee agreement between the parties and Kostich did not inform the client's mother that the fee was nonrefundable.

¶ 6. Attorney Kostich did file a timely notice of intent to pursue postconviction relief, obtained a copy of the case file from trial counsel, and had telephone conversations with the previous counsel and with the assistant district attorney. Although he does not keep billing records, the referee found that he also engaged in at least four hours of preliminary research and review of the case file. On May 14, 1999, he sent his client a copy of the notice of intent. However, that was the last correspondence he ever forwarded to this client.

¶ 7. In June 1999, Kostich met with P.S. at the Dodge County Correctional Institution. He did not inform P.S. at this meeting that he thought there were no grounds for an appeal.

¶ 8. Thereafter, Kostich failed to file various documents in the appeal. He failed to return P.S.'s numerous calls inquiring about the status of the appeal. Between March 1999 and July 2001, P.S.'s mother made repeated efforts to contact Kostich. Most were unsuccessful. On the few occasions she did see Kostich, he promised to work on the matter.

¶ 9. In June 2000, because of his inability to contact Kostich, P.S. contacted the Frank J. Remington Center at the University of Wisconsin Law School. In June 2000, he executed a release asking Kostich to send his file to the Frank J. Remington Center. Kostich failed to do so and failed to respond to telephone calls from Kurt Klomberg at the Frank J. Remington Center. In June 2002, the director of the Remington Center for-

warded correspondence to Kostich seeking release of the file to which Kostich failed to respond. After ignoring several further requests, Kostich finally released P.S.'s file on August 9, 2002.

¶ 10. P.S. filed an initial grievance against Kostich and Kostich promised to act in the matter. He cited difficulties contacting previous counsel and difficulties obtaining transcripts as the cause for his delay. However, Kostich took no further action and a second grievance was filed on July 23, 2001.

¶ 11. Subsequently, Kostich sent several letters to the OLR, stating he was prepared to act on P.S.'s behalf. On November 21, 2001, he sent a letter stating that he found no grounds for appeal. He claimed he had been waiting for decisions on relevant case law, but the referee later found that the issue in question had been decided in 1996. In addition, the referee found that Kostich failed to respond promptly or fully to a number of further inquiries from the OLR, and from the OLR district committee.

¶ 12. The remaining charges against Attorney Kostich derive from allegations that he committed misconduct in his failure to respond to OLR questions regarding a grievance filed against him by another former client, J.H. Basically, the referee found that Kostich failed to respond to questions regarding the grievance and significantly delayed the investigation. Kostich's participation in the ensuing disciplinary proceeding was minimal.

¶ 13. Ultimately, the referee found that by failing to determine if P.S. had grounds for an appeal for over 30 months after he was retained to do so, Kostich failed

to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3[2] (Count 1).

¶ 14. The referee found further that by failing to respond to P.S.'s letters or telephone calls, Kostich failed to keep his client reasonably informed about the status of a matter or to promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a)[3] (Count 2).

¶ 15. In addition, by failing to inform P.S. that he had no legal grounds for an appeal prior to the expiration of statutory deadlines, the referee found that Kostich failed to explain a matter to the extent reasonably necessary to permit P.S. to make an informed decision regarding representation, in violation of SCR 20:1.4(b)[4] (Count 3).

¶ 16. The referee also concluded that by not performing a sufficient amount of work on P.S.'s appellate issues to earn the full $5000 fee, and by not refunding any part of the fee after determining that P.S. did not have legal grounds for an appeal, Kostich failed, upon

---

[2] SCR 20:1.3 provides: Diligence. "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] SCR 20:1.4(a) provides: Communication. "(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[4] SCR 20:1.4(b) provides: Communication. "(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

termination of representation to take steps reasonably practicable to protect a client's interests, such as refunding any advance payment of fees that have not been earned in violation of SCR 20:1.16(d)[5] (Count 4).

¶ 17.  The referee found further that by failing to timely forward the P.S. file to the Frank J. Remington Center despite numerous requests, Kostich failed, upon termination of representation, to take steps reasonably practicable to protect a client's interests, such as surrendering papers to which the client is entitled, in violation of SCR 20:1.16(d) (Count 5).

¶ 18.  Finally, the referee found that by failing to timely and/or fully respond to OLR's correspondence and questions, as well as those of the district committee investigator, Kostich willfully failed, during the course of an investigation, to provide relevant information, answer questions fully, or furnish documents, regardless of the merits, thus violating two counts of SCR 22.03(6),[6] both in regard to the P.S. matter and the J.H. matter (Counts 6 and 7).

---

[5] SCR 20:1.16(d) provides:   Declining or terminating representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[6] SCR 22.03(6) provides:   Investigation. "(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish

¶ 19. Turning to the question of the appropriate discipline, the referee observed that the P.S. matter involved "serious neglect." Although the referee acknowledged that Kostich was busy during the time of the grievance investigation, traveling to the former Yugoslavia to participate in the International Criminal Tribunal, and was hindered by the breakup of his law firm, the referee noted that these events did not excuse Kostich's misconduct. The referee noted further that it was "very troubling" that Kostich made various claims to excuse his misconduct that were not substantiated. The referee ultimately concluded that a public reprimand was appropriate, together with an order requiring Kostich to pay restitution to P.S.'s mother in the amount of $3200 in unearned legal fees and recommended that Attorney Kostich pay the costs of the proceeding.

■

¶ 20. This court adopts a referee's findings of fact unless they are clearly erroneous. *In re Disciplinary Proceedings Against Charlton,* 174 Wis. 2d 844, 974, 498 N.W.2d 380 (1993). The referee's conclusions of law are reviewed de novo. *In re Disciplinary Proceedings Against Norlin,* 104 Wis. 2d 117, 122, 310 N.W.2d 789 (1981).

■

¶ 21. Here, we adopt the referee's findings of fact and conclusions of law and agree that a public reprimand is appropriate discipline for the misconduct committed by Attorney Kostich in these two client matters. We agree, further, that it is appropriate to direct Attor-

documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

ney Kostich to pay restitution to P.S.'s mother in the amount of $3200, representing unearned legal fees, and that he should be required to pay the costs of this disciplinary proceeding, which are $9,064.70 as of November 24, 2004.

¶ 22. IT IS ORDERED that Nikola Kostich is publicly reprimanded for professional misconduct.

¶ 23. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Nikola Kostich make restitution to his former client's mother in the amount of $3200, plus post-judgment interest, provided that if the restitution is not made within the time specified and absent a showing to this court of his inability to make the restitution within that time, the license of Nikola Kostich to practice law in Wisconsin shall be suspended until further order of the court.

¶ 24. IT IS FURTHER ORDERED that within 60 days of the date of this order Nikola Kostich pay to the Office of Lawyer Regulation all the costs of this proceeding provided that if such costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Nikola Kostich to practice law in Wisconsin shall be suspended until further order of the court.

¶ 25. DAVID T. PROSSER and LOUIS B. BUTLER, JR., J.J. did not participate.