IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Nikola P. KOSTICH, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant-Respondent,

v.

Nikola P. KOSTICH, Respondent-Appellant.

Supreme Court

*No. 2009AP287–D.—Decided December 21, 2010.*

2010 WI 136

(Also reported in 793 N.W.2d 494.)

¶ 1. PER CURIAM. We review the findings of fact, conclusions of law, and recommendations of Referee Christine Harris Taylor concluding that Attorney Nikola P. Kostich engaged in unprofessional conduct in violation of the rules of professional conduct. The referee recommended a public reprimand and imposition of costs, which total $9,760.46 as of March 10, 2010. No appeal has been filed in this matter. *See* SCR 22.17(2).[1]

¶ 2. We approve the referee's findings and conclusions. We consider a public reprimand barely adequate for the egregious conflict of interest and therefore also impose the additional conditions as set forth herein. We also order Attorney Kostich to pay the costs of this proceeding.

¶ 3. Nikola P. Kostich was admitted to the practice of law in Wisconsin in 1970. Attorney Kostich, who practices in Milwaukee, has previously received two court-ordered public reprimands. In 1986 he was reprimanded on the basis of a criminal conviction for failure to file a tax return. *See In re Disciplinary Proceedings Against Kostich,* 132 Wis. 2d 227, 391 N.W.2d 208 (1986). In 2005 Attorney Kostich was reprimanded for

---

[1] SCR 22.17(2) states:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

violations of SCR 20:1.3 (failing to determine if a client had grounds for an appeal for over 30 months after he was retained to do so), SCR 20:1.4(a) (failing to respond to the client's letters and telephone calls), SCR 20:1.4(b) (failing to inform the client that he had no legal grounds for an appeal), SCR 20:1.16(d) (failing to refund an advance payment of fees upon termination), another violation of SCR 20:1.16(d) (failing to provide a client's file), and SCR 22.03(6) (failing to cooperate with OLR's investigation regarding two matters). *See In re Disciplinary Proceedings Against Kostich,* 2005 WI 90, 282 Wis. 2d 206, 700 N.W.2d 763.

¶ 4. On February 4, 2009, the Office of Lawyer Regulation (OLR) filed a complaint against Attorney Kostich alleging one count of professional misconduct related to Attorney Kostich's decision to handle a criminal case in which he had a conflict of interest. The referee conducted an evidentiary hearing on December 15, 2009, and filed her report on February 11, 2010. No appeal was pursued.

¶ 5. The facts giving rise to this disciplinary matter are as follows. In 1965, when G.K. was 13 years old and in eighth grade at St. Patrick's School in Milwaukee, Wisconsin, he was repeatedly sexually molested by Sister Norma Giannini ("Giannini"), a Catholic nun who was his teacher, the principal of the school, and a friend of the family.

¶ 6. In late 1996 or early 1997 G.K. met with Attorney Kostich to explore the possibility of bringing a civil action against Giannini. G.K. shared highly confidential information with Attorney Kostich including specific information regarding the sexual assaults. Attorney Kostich explained that there might be a statute of limitations issue and stated he would research that issue and get back to G.K. The parties discussed attor-

ney fees but no retainer agreement was signed. G.K. also authorized Attorney Kostich to obtain medical records from G.K.'s therapist. After the initial meeting Attorney Kostich sought additional details about the abuse and obtained G.K.'s therapy records. In August 1997, after a second meeting with G.K., Attorney Kostich advised G.K. that he would not take the case because he believed the statute of limitations precluded a civil suit.

¶ 7. In 2006, after learning that Giannini's departure from the state of Wisconsin in 1969–1970 meant a criminal charge might still be viable, G.K. contacted the police regarding the sexual assaults. In December 2006 Giannini was charged with two counts of indecent behavior with a child, a Class C felony, in Wisconsin. *State v. Norma Giannini,* Milwaukee County Case No. 06CF443. The criminal charges concerned the sexual assaults upon G.K. and one other student at St. Patrick's School.

¶ 8. On January 9, 2007, Attorney Kostich appeared as attorney of record on behalf of Giannini along with another attorney from Chicago. Giannini entered a not guilty plea and the matter was scheduled for trial.

¶ 9. When G.K. learned that Attorney Kostich was representing Giannini, he contacted Attorney Kostich and objected to the representation on the basis of what he believed to be Attorney Kostich's prior representation of him on the same matter. Attorney Kostich denied that he had any conflict of interest in representing Giannini and refused to terminate his representation of Giannini.

¶ 10. G.K. filed a grievance against Attorney Kostich with the OLR. Attorney Kostich responded to the grievance in a letter dated March 9, 2007, denying that he had ever represented G.K. or that there was any

conflict. He continued to represent Giannini. Giannini subsequently entered no contest pleas to both charges.

¶ 11. The referee made a number of factual findings, ultimately finding that Attorney Kostich did represent G.K. and concluding there was a clear conflict of interest with respect to Attorney Kostich's representation of Giannini. These findings included the fact that Attorney Kostich knew that G.K. —identified as a victim by Giannini and in the criminal complaint—was the same individual Attorney Kostich met with to discuss a possible civil case against Giannini. Attorney Kostich had received G.K.'s therapy records both when initially investigating the matter and then later as part of the discovery materials obtained from the district attorney in the Giannini criminal matter. The police reports detailing the Giannini abuse investigation also indicated that G.K. referred to Attorney Kostich as his attorney.

¶ 12. Attorney Kostich testified that he reviewed the supreme court rules regarding conflicts of interest and determined there was no conflict. He did not consider it necessary to obtain written permission from G.K. to represent Giannini. The referee observed that Attorney Kostich believed he met with G.K. out of professional courtesy and that was it. He did, however, acknowledge that he considered retaining another attorney if it became necessary to cross-examine G.K. in the Giannini criminal proceeding.

¶ 13. A referee's findings of fact will be affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Kalal,* 2002 WI 45, ¶ 23, 252 Wis. 2d 261, 643 N.W.2d 466.

¶ 14. The requirements of SCR 20:1.9 pertain to situations involving a conflict of interest with a former client. SCR 20:1.9(a) provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in a writing signed by the client.

¶ 15. Attorney Kostich contended that he did not represent G.K. Attorney Kostich noted that no retainer agreement was signed, no authorizations were signed at his office, no file was created on behalf of G.K., and no notes were taken during the initial meeting with G.K.

¶ 16. Whether an attorney-client relationship is created depends upon the intent of the parties and is a question of fact. *See, e.g., Marten Transport, Ltd. v. Hartford Specialty Co.*, 194 Wis. 2d 1, 14, 533 N.W.2d 452 (1995). An attorney-client relationship is not formed simply because one of the parties knows that the other is an attorney. Such knowledge, however, coupled with legal advice being sought and provided, ordinarily is enough to establish the relationship. Moreover, the existence of a lawyer/client relationship is determined principally by the reasonable expectations of the person seeking the lawyer's advice. *See* 7A C.J.S. *Attorney & Client* § 202 (2010); *see also Togstad v. Vesely, Otto, Miller & Keefe*, 291 N.W.2d 686, 693 (Minn. 1980); Dean R. Dietrich, "Ethics-Determining Current & Former Clients," *Wisconsin Lawyer*, Vol. 73, No. 8 (Aug. 2000), available at https://www.wisbar.org/AM/

Template.cfm?Section=Wisconsin_Lawyer&template=/
CM/ContentDisplay.cfm&contentid=49073.

■

¶ 17. G.K. reasonably believed that there was an attorney-client relationship with Attorney Kostich when he shared highly confidential information about childhood sexual assaults and other sensitive mental health information with Attorney Kostich for the purpose of pursuing litigation against Giannini.

¶ 18. We agree with the referee's finding that G.K. was a former client of Attorney Kostich. As noted, SCR 20:1.9(a) provides that an attorney may not represent one client whose interests are materially adverse to the interests of a former client if the representation involves a matter that is the same or substantially related to the nature of the prior representation of the former client unless the former client consents in writing.

¶ 19. Attorney Kostich's former relationship with G.K. and his subsequent representation of Giannini were both adverse and substantially related. G.K. sought legal advice from Attorney Kostich regarding assaults committed by Giannini and whether he could pursue litigation against Giannini. Attorney Kostich then undertook to defend Giannini in a criminal matter in which she was prosecuted for the same assaults on G.K. There is no dispute that Attorney Kostich received G.K.'s therapy records sometime in 1997 or that Attorney Kostich later received substantially the same records as part of the discovery materials in the criminal case against Giannini. *See* ABA Model Rules of Prof'l Conduct R. 1.9 cmt. ("When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests in that transaction *clearly is prohibited.*" (Emphasis added).)

¶ 20. Attorney Kostich certainly did not obtain G.K.'s consent to the later representation of Giannini. Indeed, when G.K. learned that Attorney Kostich was going to represent Giannini in the criminal charges arising from the assaults, G.K. contacted Attorney Kostich and voiced his objection to the representation, and Attorney Kostich refused to step down as Giannini's attorney.

¶ 21. Thus, the record evidence amply supports the referee's conclusion that by representing Giannini on criminal charges in which G.K. was the victim, after G.K. had consulted with Attorney Kostich about bringing a civil action against Giannini for the same sexual assaults that were the subject of the criminal proceedings, Attorney Kostich acted contrary to former and current SCR 20:1.9(a).[2]

¶ 22. We turn to the appropriate sanction for Attorney Kostich's misconduct. The referee noted that cases involving a violation of SCR 20:1.9(a) generally

---

[2] Prior to July 1, 2007, SCR 20:1.9(a) stated that a lawyer who has formerly represented a client in a matter shall not:

> Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents in writing after consultation.

From July 1, 2007, to the present, SCR 20:1.9(a) provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in a writing signed by the client.

386

result in a private reprimand, public reprimand, or short-term suspension. *See, e.g.,* Public Reprimand of Roger Merry, 1999–1; Public Reprimand of Russell Falkenberg, 1992–2. The referee also noted that in addition to the two prior public reprimands for unrelated conduct, Attorney Kostich "demonstrated a dishonest and selfish motive when undertaking the representation of Gianinni [sic]."

■

¶ 23. Case law supports imposition of a public reprimand for cases involving a single conflict of interest. However, the conflict in this case was egregious. Attorney Kostich's failure to recognize that it was unethical for him to defend Giannini, who was being criminally prosecuted for abusing G.K., without obtaining G.K.'s consent in accordance with SCR 20:1.9(a), reflects a troubling lack of awareness of or attention to the rights of his clients or his responsibility as a lawyer to guard sensitive information with which he had been entrusted. This court believes that further precautions are necessary. Accordingly, in addition to the public reprimand we impose today, we also direct Attorney Kostich to complete, within 12 months of the date of this decision, ten credits of continuing legal education coursework approved for ethics. Failure to complete this ethics coursework may result in Attorney Kostich's suspension from the practice of law.

¶ 24. IT IS ORDERED that Nikola P. Kostich is publicly reprimanded.

¶ 25. IT IS FURTHER ORDERED that Nikola P. Kostich is directed to complete ten ethics-approved continuing legal education credits within 12 months of the date of this order and to advise this court and the Office of Lawyer Regulation of his compliance with this requirement within 12 months of the date of this order.

Failure to comply with this condition may result in suspension of Nikola P. Kostich's license to practice law in Wisconsin.

¶ 26. IT IS FURTHER ORDERED that within 60 days of the date of this order, Nikola P. Kostich shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of an inability to pay the costs within this time, the license of Nikola P. Kostich to practice law in Wisconsin shall be suspended until further order of the court.

¶ 27. DAVID T. PROSSER, J., did not participate.

¶ 28. SHIRLEY S. ABRAHAMSON, C.J. (*dissenting*). I respectfully dissent because I disagree with my colleagues regarding the appropriate level of discipline to be imposed in this matter. Generally, discipline is progressive in nature. *See, e.g., In re Disciplinary Proceedings Against Nussberger*, 2006 WI 111, 296 Wis. 2d 47, 719 N.W.2d 501. This is not Attorney Kostich's first encounter with the lawyer disciplinary process. In addition to two prior public reprimands, the referee observed that Attorney Kostich "demonstrated a dishonest and selfish motive when undertaking the representation" at issue here. For these reasons I would issue an order to show cause giving both parties the opportunity to explain why Attorney Kostich's license to practice law should not be suspended for a period of 60 days.

¶ 29. For the foregoing reasons I dissent.

¶ 30. I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.